IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RAINBOW REWARDS | ) | Case No. 14-26925 HRT |
| COLORADO, INC. | ) | Chapter 7 |
| EIN: 20-0985429, | ) | |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S AMENDED MOTION TO SHORTEN AND LIMIT NOTICE FOR COMBINED MOTION TO (A) EMPLOY AND COMPENSATE DICKENSHEET & ASSOCIATES, INC. AND (B) SELL OFFICE EQUIPMENT FREE AND CLEAR**

Taya Sweeden, Chapter 7 trustee (the "Trustee"), for her Amended Motion to Shorten and Limit Notice for Combined Motion to (A) Employ and Compensate Dickensheet & Associates, Inc. and (B) Sell Office Equipment Free and Clear (this "Motion"), states:

1. On December 23, 2014 (the "Petition Date"), Rainbow Rewards Colorado, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of title 11, U.S.C. (the "Bankruptcy Code"). The Debtor's affiliate, Zoola, Inc. ("Zoola") filed a separate Chapter 7 case, Case No. 14-26927 HRT (the "Zoola Case").

2. The Trustee was appointed on the Petition Date and is also the Chapter 7 trustee in the Zoola Case.

3. Before the Petition Date, the Debtor operated a start-up credit card rewards program. The Debtor had contracts with thousands of local and national merchants and had more than 350,000 members participating in its rewards program. *See* Dkt. #16. The Debtor operated from leased space at 535 16th Street, Denver, Colorado. The Debtor's office contains furnishings, fixtures and equipment that the Trustee may use, sell, or lease under 11 U.S.C. § 363.

4. Contemporaneously with this Motion, the Trustee is filing her Combined Motion to (A) Employ and Compensate Dicksensheet & Associates, Inc.; and (B) Sell Office Equipment Free and Clear (the "Sale Motion"). The Sale Motion seeks authority to hire auctioneers to sell the Debtor's office assets at the business location on **February 26, 2015**. The Trustee and Dickensheet & Associates, Inc. have been working with the building manager and anticipate surrendering possession of the leasehold on or before February 28, 2015 – the last day through which rent has been paid.

5. Most of the potential claims of the Debtor's members and merchants in this case are relatively small – $25 or less – but they are entitled to notice as potential creditors in the bankruptcy case nonetheless. The Debtor, with the Court's authority, published notice of the Chapter 7 filing and attempted to notify its merchants and members. Notices were published in The Denver Post, The Sacramento Bee and The USA Today. *See* Dkt. #26. Those notices direct merchants and members to the website established by the Trustee to assist in administering this case: www.rainbowrewardsbankruptcy.com. The Trustee's website contains pertinent pleadings, notices, and information for potential creditors and parties in interest.

6. Although the Court's mailing matrix contains roughly 100 parties in interest, all of the potential claimants – including more than 350,000 merchants and members – are entitled to notice of motions and applications under Rule 2002(a) of the Federal Rules of Bankruptcy Procedure and Rule 2002-1 of the Local Rules of Bankruptcy Procedure. The Court can, however, limit notice as provided in those rules. The Trustee requests that the Court both limit notice of the Sale Motion and shorten time for any objections in light of the compressed timeframe to vacate the leased premises.

7. Mailing notice of the Trustee's Sale Motion to all creditors and parties in interest presents a burden on this estate and will result in excessive costs of administration. A single, "global" mailing would cost the estate tens of thousands of dollars in postage alone, even without factoring additional expenses for copying and the hours necessary to complete service. *See In re Szabo Constracting, Inc.*, 283 B.R. 242, 253 (Bankr. N.D. Ill. 2002) (noting that requiring notice of settlements of claims objections to all 500 creditors "would constitute an undue and unnecessary burden upon the Trustee and expense to the Debtor's estate, thereby further reducing the net asset pool available to pay allowed claims").

8. Under Rule 2002, the Court may order that all notices required by Rule 2002(a)(2) (proposed use, sale, or lease of property) may be served on any committee and their representatives, creditors who file with the Court and serve upon counsel a request for all notices, and the United States Trustee. Fed. R. Bankr. P. 2002(i). The Court is generally empowered to regulate "the entit[ies] to whom, the form and manner in which notices shall be sent" under Fed. R. Bankr. P. 2002(m). *See In re Seigler Bottling Co*., 165 B.R. 117, 119 (Bankr. S.D. Ohio 1986) (recognizing that "the Bankruptcy Rules contain provisions generally authorizing the court to limit the notices to be sent to certain claimants"). The Trustee will mail notice to all creditors of record in the mailing matrix, along with the building manager and claimants that may hold an interest in certain equipment. Notice of the Trustee's Sale Motion also will be posted on the Trustee's website: www.rainbowrewardsbankruptcy.com.

9. Rule 9006 provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of the court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). *See Sunflower Racing, Inc. v. Mid-Continent Racing &*

*Gaming Co. (In re Sunflower Racing, Inc.)*, 221 B.R. 940, 942 (D. Kan. 1998) (recognizing that bankruptcy court's shortening of notice period is reviewed for abuse of discretion). The Trustee has worked diligently toward an auction of the Debtor's property. Shortening notice of the Sale Motion to ten (10) days, with objections due on or before February 17, 2015[1], will facilitate estate administration while affording interested parties reasonable notice.

10. Limited and shortened notice in the Debtor's case for the Sale Motion is appropriate under the circumstances in this case. Limiting notice as provided in Rule 2002(i) will conserve estate resources while providing a reasonable level of notice as contemplated by the rules. The Trustee believe that limiting and shortening notice for the Sale Motion is in the best interests of the estate and creditors.

WHEREFORE, for all of the foregoing reasons, the Trustee respectfully request entry of an order granting this Motion and authorizing shortened and limited notice as provided herein.

Dated this 4th day of February, 2015.

**LINDQUIST & VENNUM LLP**

By:    */s/ Theodore J. Hartl*
      John C. Smiley, #16210
      Theodore J. Hartl, #32409
600 17th Street, Suite 1800 South
Denver, CO, 80202-5441
Telephone: (303) 573-5900
Facsimile: (303) 573-1956
Email: jsmiley@lindquist.com
Email: thartl@lindquist.com

Counsel for Taya Sweeden, Chapter 7 Trustee

---

[1] The Trustee is requesting a ten (10) day extension, however, due to the intervening weekend and Court holiday, the objection deadline will be extended thirteen (13) days to February 17, 2015.

4

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on the 4th day of February, 2015, a true and correct copy of the foregoing **AMENDED MOTION TO SHORTEN AND LIMIT NOTICE FOR COMBINED MOTION TO (A) EMPLOY AND COMPENSATE DICKENSHEET & ASSOCIATES, INC.; AND (B) SELL OFFICE EQUIPMENT FREE AND CLEAR** was deposited in the United States mail, proper postage prepaid, addressed to the parties listed below and those on the attached list.

Triumph Real Estate Corporation
c/o Paul Ruff
535 16th Street, Suite 300
Denver, CO  80202

All Copy - Denver
4141 Colorado Blvd
Denver, CO 80216

                 /s/ Brandon Blessing

```
Label Matrix for local noticing        Bart B. Burnett                     Theodore J. Hartl
1082-1                                  1660 Lincoln St.                    600 17th St.
Case 14-26925-HRT                       Ste. 1900                           Suite 1800 South
District of Colorado                    Denver, CO 80264-1901               Denver, CO 80202-5402
Denver
Wed Feb  4 14:40:21 MST 2015

David M. Miller                         Kevin S. Neiman                     John C. Smiley
370 17th St.                            1660 Lincoln St.                    600 17th St.
Ste. 4800                               Ste. 1900                           Ste. 1800-S
Denver, CO 80202-5698                   Denver, CO 80264-1901               Denver, CO 80202-5441


Taya Sweeden                            US Trustee 7                        End of Label Matrix
PO Box 260149                           Byron G. Rogers Federal Building    Mailable recipients    7
Lakewood, CO 80226-0149                 1961 Stout St.                      Bypassed recipients    0
                                        Ste. 12-200                         Total                  7
                                        Denver, CO 80294-1961
```